UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

HEAVEN M. CONWAY, )
)
        Plaintiff, )
)
vs. )
) Case No. 1:16-cv-02106-DML-JMS
NANCY A. BERRYHILL, Acting )
Commissioner of the )
Social Security Administration, )
)
        Defendant. )

## Decision on Complaint for Judicial Review

Plaintiff Heaven M. Conway seeks judicial review of a final decision of the Commissioner of the Social Security Administration denying her May 2012 application for Supplemental Security Income Children's Disability Benefits under Title XVI of the Social Security Act. At the time of the plaintiff's application for disability benefits, she was a teenager and her mother filed the application on her behalf for child's SSI benefits. Ms. Conway is herself prosecuting her complaint for judicial review; she turned 18 in 2015 before the decision denying benefits became final.

The application for benefits alleged that she has been disabled since birth in 1997. Acting for the Commissioner following a hearing held December 16, 2014, administrative law judge Albert J. Velasquez issued a decision on February 18, 2015, that Ms. Conway is not disabled. The Appeals Council denied review of the ALJ's decision on June 8, 2016, rendering it the final decision of the Commissioner.

Ms. Conway timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.

Ms. Conway contends that the decision should be reversed and remanded because the ALJ's decision that no listing was met was perfunctory and did not mention any listing that he had considered. She asserts that the elements of listing 112.05D (intellectual disability) are met by the record evidence and that the ALJ made findings that would support each element.

The court now turns to the legal framework for analyzing child disability claims and the court's standard of review. It will then address Ms. Conway's assertions of error.

## Standard for Proving Disability

A child under the age of 18 is eligible for disability benefits under the SSI program if she has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The SSA has implemented this statutory standard by, in part, prescribing a three-step sequential evaluation process. 20 C.F.R. § 416.924. Step one asks if the child is engaged in substantial gainful activity (*i.e.,* is earning money at a certain level); if she is, then she is not disabled. § 416.924(b). Step two asks whether the child's impairments, singly or in combination, are severe; if they are not, then she is not disabled. § 416.924(c). The third step is an analysis of whether the child's impairments,

either singly or in combination, meet or equal the criteria of any of the conditions in the Part B Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, Part B. If they do and the duration requirement is satisfied, then the child is deemed disabled. §416.924(d).

The Part B Listing of Impairments is a compilation of medical conditions divided into fourteen major body systems that the SSA has adjudged are disabling in children. 20 C.F.R. § 416.925. In general, each listed condition is defined by two sets of criteria: (1) diagnostic findings that substantiate the existence of a listed condition and (2) sets of related functional limitations that substantiate the condition's disabling severity. *Id.* A child's impairment or group of impairments can satisfy a listed condition in one of three ways: by meeting all the listed criteria, 20 C.F.R. § 416.925(c)(3); by medically equaling the criteria, 20 C.F.R. § 416.926 (*i.e.,* the impairments do not match the listed criteria for a listed condition but they are of "equal medical significance" to those criteria or condition); or by functionally equaling the criteria, 20 C.F.R. § 416.926a(a).

Functional equivalence involves an analysis of six "domains" of functioning and determination of whether and the extent to which a child's impairments limit her functioning in those domains. The domains are:

- (1) acquiring and using information,
- (2) attending to and completing tasks,
- (3) interacting and relating with others,
- (4) moving about and manipulating objects,

3

- (5) caring for self, and

- (6) health and physical well-being.

20 C.F.R. § 416.926a(b)(1). If the child's impairments cause "marked" limitations in at least two domains, or cause "extreme" limitations in at least one domain, then her medical condition is functionally equivalent to a listing and she is disabled. 20 C.F.R. § 416.926a(d). In general, a "marked" limitation exists when a child's impairment(s) "interfere[] seriously with [her] ability to independently initiate, sustain, or complete activities" within a particular domain. It is a limitation that is "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a(e)(2). An "extreme" limitation is one that "very seriously" interferes with a child's ability to initiate, sustain, or complete activities within a domain. 20 C.F.R. § 416.926a(e)(3).

## **Standard for Review of the ALJ's Decision**

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence

in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made, and he must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis

I. **The ALJ's Findings**

Ms. Conway was born in 1997, was 14 years old at the time her application was filed, and 17 years old at the time of the ALJ's decision. The ALJ found that she has not engaged in substantial gainful activity since her application date, and has several severe impairments: insulin resistance syndrome, bilateral leg edema, depression, and mild mental retardation. His discussion whether Ms. Conway meets or medically equals a listed impairment is in one sentence:

> The undersigned adopts the expert medical opinion of the State Agency medical consultants, who concluded that the severity of the claimant's impairments did not meet or medically equal any of the impairments listed in Appendix I [the Listing of Impairments]. (Exhibit 15F).[1]

The ALJ then turned to the six domains of functioning that must be analyzed to decide whether a child's impairments "functionally equal" a listing. Functional equivalence requires marked limitations in at least two domains or an extreme limitation in one domain. Because he found that she had a "marked" limitation in only one functional domain (acquiring and using information) and that she had "less

---

[1] Exhibit 15F is a Childhood Disability Evaluation Form, at R. 532-537, completed on the reconsideration level of review of Ms. Conway's application for benefits.

5

than marked" limitations in some domains (attending and completing tasks; interacting and relating with others; and moving about and manipulating objects) and no limitations in the remaining domains (caring for oneself; health and physical well-being), the ALJ concluded that Ms. Conway is not disabled.

## II. The Claimant's Assertion of Error

Ms. Conway raises one error. She contends that the evidence supports a finding that she met listing 112.05D (mental retardation or intellectual disability), and the ALJ erred and remand is required because his decision does not mention this listing—or any other—or even attempt to apply the requirements of the listing.

Listing 112.05D, as in effect when Ms. Conway's application for benefits was adjudicated in the administrative process,[2] has four elements: (1) significantly subaverage general intellectual functioning, (2) with deficits in adaptive functioning, (3) a valid verbal, performance, or full scale IQ of 60 through 70, and (4) a physical or other mental impairment imposing an additional and significant limitation of function. *See Blakes v. Barnhart,* 331 F.3d 565, 568 (7th Cir. 2003).[3]

---

[2] The mental health listings have been substantially revised effective January 2017. *See* 81 FR 66137 (Sept. 26, 2016). On judicial review, a court applies the listing that was in effect during the administrative process. *Id.* at 66138 and n.1 (The SSA expects that courts will review "its final decisions using the rules that were in effect at the time we issued the decisions.")

[3] Ms. Conway's brief refers to subsection C, and not subsection D, of listing 112.05, but it is clear from her discussion of the listing's elements that she means subsection D. Her citation error may have resulted from the fact that in the Adult Listing of Impairments for intellectual disability under listing 12.05, these same elements are in subsection C.

The Commissioner does not contest that the evidence establishes elements (1), (3), and (4). Ms. Conway underwent an IQ test in 2012, and her full scale IQ score (which no one claims is invalid) was 60. That score, as well as the results of other cognitive functioning tests and school records (IEPs), are uncontested evidence that Ms. Conway has significantly subaverage general intellectual functioning and an IQ score that meets the listing. The ALJ's finding that Ms. Conway suffers from severe impairments other than her subaverage intellectual functioning (including depression) meets the element of a physical or other mental impairment that imposes an additional and significant limitation of function, or at least the Commissioner does not contest that conclusion.

The parties disagree about whether Ms. Conway has "deficits in adaptive functioning" to meet the remaining element, though more precisely the parties disagree about whether the ALJ's decision even sufficiently addresses this matter. The court agrees with Ms. Conway that the ALJ's decision provides insufficient information to permit the court to conclude that his decision that no listing was met is supported by substantial evidence.

The ALJ did not mention listing 112.05D or any other listing. He provided no hint about the listings he thought were relevant. His entire discussion whether a listing was met is a single statement that he "adopts the expert medical opinion of the State Agency medical consultants who concluded" that no listing was met. (R. 45). That medical opinion whether a listing was met or medically equaled, at R. 532-537, does not mention any particular listing either. The opinion wholly consists

of a check in one box that no impairment or combination of impairments meets or medically equals a listing. R. 532. There is no narrative that accompanies that opinion. Indeed, the court suspects that the ALJ did not mention any particular listing, or attempt to measure the evidence against the requirements of any particular listing, because he did not receive any guidance from the state agency reviewing physicians' single check in one box about the listings to consider. While it is true that an ALJ's failure explicitly to refer to a relevant listing does not alone require remand, *Rice v. Barnhart,* 384 F.3d 363, 369-70 (7th Cir. 2004), there should be some indication in the ALJ's decision that he was aware of a relevant listing and discussed evidence in light of the specific requirements of that relevant listing. Here, even reading the ALJ's decision as a whole, the court is not at all confident that the ALJ endeavored to evaluate whether Ms. Conway has "deficits in adaptive functioning" within the meaning of listing 112.05D. *See id.* at 370 n. 5 (absence of analysis of a listing in ALJ's step three discussion is not error where the ALJ included an appropriate factual analysis in other sections of his opinion).

As the Commissioner recognizes, deficits in adaptive functioning "denotes inability to cope with the challenges of ordinary everyday life," and requires a qualitative judgment about the claimant's functioning. *Novy v. Astrue,* 497 F.3d 708, 710 (7th Cir. 2007). Here, the ALJ did not attempt to address Ms. Conway's adaptive functioning in the full context of "ordinary everyday life" or in relation to determining whether a listing was met. Instead, the ALJ addressed functionality in light of the six domains of functioning pertinent to a different question in

8

evaluating childhood disability applications. Even then, the ALJ found that Ms. Conway's functioning in one domain (interacting and relating with others) was not as benign as that found by the state agency reviewing physicians when they assessed functional equivalency. Ms. Conway points to evidence, including information from an evaluation by an examining psychologist (Dr. Dale), that she has deficits in adaptive functioning, and the Commissioner points to evidence supportive of a finding that she does not qualitatively suffer from deficits in adaptive functioning (she can take care of personal hygiene and engages in age-appropriate daily living activities). But this court will not weigh that evidence. The ALJ must take on the task to decide whether or not a finding should be made that Ms. Conway meets a listing.

This is a case where it is appropriate to remand because of the ALJ's failure to mention a specific listing (indeed, any listing at all), combined with his perfunctory analysis at step three. *See Ribaudo v. Barnhart,* 458 F.3d 580, 583 (7th Cir. 2006) ("an ALJ should mention the specific listings he is considering and his failure to do so, if combined with a 'perfunctory analysis,' may require a remand") Here, the state agency reviewing physician's documentation does not identify any listing, provide any narrative regarding any listing, or make clear any particular evidence to support the checked box that no listing was met, and the ALJ did not identify any listing or discuss evidence in light of the requirements of a particular listing. Under these circumstances, the court cannot find that substantial evidence supports the ALJ's finding that no listing was met.

9

## **Conclusion**

For the foregoing reasons, the court REVERSES AND REMANDS under sentence four of 42 U.S.C. § 405(g) the Commissioner's decision that Ms. Conway is not disabled.

So ORDERED.

Dated: September 27, 2017

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system